UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| ROBERT MUNCY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 05-215-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| AMERICAN ELECTRIC POWER | ) | **MEMORANDUM OPINION** |
| SERVICE CORPORATION, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for judgment filed by Plaintiff Robert Muncy ("Muncy") and Defendant American Electric Power Service Corporation ("AEP"). [Record Nos. 8 and 10] Through this action, Muncy seeks to reverse the decision of AEP denying him Long Term Disability Insurance Benefits ("DIB"). He claims that the Plan Administrator for AEP arbitrarily refused to credit his medical evidence and, instead, relied on not credible medical opinions of non-examining physicians. For the reasons discussed herein, the Court will grant AEP's motion and deny the motion filed by Muncy.

**I.     RELEVANT FACTS**

Muncy began working at AEP on September 9, 1980, at which point he became a participant in the company's Long Term Disability Plan ("the Plan"). The Plan qualifies as an employee welfare benefit plan pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1002(1). AEP is both the plan sponsor and the plan administrator.

The Plan requires that participants must provide "written, satisfactory proof of disability" to be entitled to DIB. The Plan gives the Plan Administrator authority to administer, control and manage the plan, including the discretion to interpret and construe the plan and make determinations regarding eligibility for benefits. Under the Plan, decisions of the Plan Administrator are final.

In early May 2003, Robert Muncy ceased working at AEP, claiming a disability due to complications arising from Hepatitis C, back and neck pain, a herniation in his spine and numerous other physical ailments. On October 22, 2003 Muncy filed for long-term disability benefits. On January 19, 2004, Muncy was notified that his claimed was denied by Broadspire Services, Inc., a third-party administrator hired by AEP. Broadspire determined that Muncy was not eligible for benefits because the medical evidence did not support his claim that he was unable to perform his duties as a Field Revenue Specialist, the last position he held.

Muncy appealed the decision on February 13, 2004. Broadspire then reviewed additional medical evidence, including the report of a peer review organization who also examined Muncy's records. Following this re-examination, Broadspire again concluded that Muncy was ineligible for benefits. On June 16, 2004 Muncy filed a second appeal, which was handled by AEP's LTD Appeal Committee pursuant to the terms of the plan. The Appeal Committee reviewed all the documentation gathered to this point, as well as the results of an examination by Dr. Joseph Rapier, who was hired by Muncy to conduct an independent medical examination. AEP again rejected Muncy's claim. This appeal followed.

**II.    LEGAL STANDARD**

In *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 (1989), the Supreme Court set out two standards of review for ERISA benefit determinations. "Where an ERISA plan gives the plan administrator discretionary authority to determine benefits or construe the terms of the plan, the administrator's interpretation of plan language is reviewed under an arbitrary and capricious standard. *Wendy's Int'l v. Karsko*, 94 F.3d 1010, 1012 (6th Cir. 1996)  In all other cases, the review is *de novo*. *Firestone Tire*, 489 U.S. at 115. Inasmuch as the plan in the present case gave the Trustees discretionary authority, the arbitrary and capricious standard will apply.

"The arbitrary or capricious standard is the least demanding form of judicial review of administrative action. When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *Davis v. Kentucky Finance Cos. Retirement Plan*, 887 F.2d 689, 693 (6th Cir. 1989), quoting *Pokratz v. Jones Dairy Farm*, 771 F.2d 206, 209 (7th Cir. 1985). Only if the decision was arbitrary, capricious, not supported by substantial evidence or contrary to the law, will the decision be overturned. *Daniels v. Sovereign Coal Corp.*, 52 F.3d 325 (table), 1995 WL 230285, at **1, Case No. 94-6062 (6th Cir. April 14, 1995) (citations omitted). However, "if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a factor[] in determining whether there is an abuse of discretion." *Firestone Tire*, 489 U.S. at 115.

Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While substantial deference is given, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (quotes and citations omitted).

The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (quotes and citations omitted). If supported by substantial evidence, the Administrator's decision must be affirmed even if the Court would decide the case differently and even if the plaintiff's position is also supported by substantial evidence. *See Garcia v. Sec'y of Health and Human Services*., 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989).

Both parties refer to their motions as "motions for judgment." This is because the scope of analysis employed in reviewing motions for judgment in ERISA actions in this circuit is neither that of a motion to dismiss nor a motion for summary judgment. Instead, it falls

somewhere in between the two. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 619 (6th Cir. 1998).

### III.   ANALYSIS

Muncy claims that he should have qualified for disability benefits because he was disabled under the Plan's definition; that is, he was unable to perform the duties of his prior job. [Record No. 8]  Muncy points to the results of an examination conducted by his treating physician, Dr. George Chaney.  Dr. Chaney found that Muncy was "totally and permanently disabled" as a result of "herniated cervical disc with radiculopathy, sciatica, major depression, anxiety neurosis, essential hypertension, and Hepatitis C." *Id.,* Administrative Record ("A.R.") at 319.  In reaching this conclusion, Dr. Chaney also relied on a report of Dr. John W. Gilbert of Neurosurgical Associates, who had recommended surgery based on the results of a cervical and lumbar MRI he conducted in November 2003.

Dr. Chaney recommended that Robert should lift no more 10 pounds on a frequent basis. (A.R. at 328-9)  Dr. Chaney also noted that a previous fracture of the cervical spine would grow worse with time, and that Muncy's other back problems were "likely to cause pain [in the future]". *Id.* at 4.  It is Muncy's contention that Dr. Chaney found Muncy to be totally disabled for purposes of the Plan.

Muncy also notes the results of Dr. Rapier's examination. Dr. Rapier noted a number of possible back problems, and recommended that Muncy not lift more than 20 pounds maximum, no more than 10 pounds regularly, and that he not be subjected to lots of "vibrations, jars and jolts". *Id.* at 7.

In response, AEP notes that even under the medical evidence presented by Muncy, he does not meet the requirements for disability. Furthermore, when taken as a whole, the medical evidence in the record clearly supports a finding of not disabled as reached by the Plan Administrator. Specifically, where Muncy complains of problems arising from Hepatitis C, the various doctors' notes show his liver function to be consistently normal, with no indications of problems other than slight fatigue. Nor is there any evidence of nausea, vomiting, or abdominal pain.

The results of Muncy's own treating physician confirm AEP's determination. Though there are several allegations of pain, there is no evidence of any nerve impingement. Dr. Chaney's own notes indicate "Patient doing well, no significant complaints." (A.R. at 65) Regarding Muncy's complaints of depression, Dr. Chaney noted that Muncy's mood was "okay" (A.R. at 67), "no depression" (A.R. at 69), and "no major mood or psych illness". (A.R. at 72)

Dr. Rapier's independent medical examination yielded substantially similar results: Muncy could perform repetitive lifting of 10 pounds. (A.R. at 206) However, unlike Dr. Chaney, Dr. Rapier did not opine that Muncy was unable to perform the duties of his former job.

All of the other evidence in the administrative record indicates that Muncy is not disabled. The peer review of Muncy's medical files found no evidence to substantiate Muncy's claims of disability. (A.R. at 111, 115, 117) All of the doctors conducting the peer review found Muncy able to perform the duties of his former job.

The Court is mindful that, as AEP is both the company bearing the cost and the plan administrator, that potential conflict of interest must be taken into account. *Firestone Tire*, 489

U.S. at 115. However, the overwhelming weight of the evidence supports the administrator's decision that Muncy is not disabled. Even under the most favorable reading for Muncy, both his own treating physician and the independent medical exam opined that he could regularly lift 10 pounds and sit and stand for extended periods of time, which is within his job description. All of the other medical evidence indicates no physical or psychological problems which would prevent his performance of his previous duties.

Muncy argues that the Plan Administrator refused to properly credit the opinion of his treating physician in accordance with *Black & Decker Disability Plan v. Nord*, 296 F.3d 823 (9th Cir. 2002). However, that case was overturned by the Supreme Court in *Black & Decker*, 538 U.S. 822 (2003). In *Black & Decker* the Supreme Court rejected a "treating physician rule", in contrast to Social Security determinations. Under ERISA disability plan determinations, "plan administrators are not obliged to accord special deference to the opinions of treating physicians." *Id.* at 825.

Moreover, a plan administrator need not accord any special weight at all to the opinion of the treating physician. In reversing the Ninth Circuit, the Supreme Court specifically rejected a Ninth Circuit rule which required "an administrator 'who rejects [the] opinions [of a claimant's treating physician] to come forward with specific reasons for his decision, based on substantial evidence in the record.'" *Black & Decker*, 538 U.S. at 828 (internal citations omitted) While the Court recognized that "physicians repeatedly retained by benefits plans may have an 'incentive to make a finding of 'not disabled' in order to save their employers money and to

preserve their own consulting arrangements,'" it nevertheless held that under the relevant statutory scheme no deference to the treating physician was required. *Id.* at 832.

In the present case, there is no evidence that the Plan Administrator rejected the opinion of Dr. Chaney. Indeed, Dr. Chaney's opinion as to Muncy's physical abilities was in line with that of Dr. Rapier's. However, given all of the other medical evidence in the record, even had the administrator rejected Dr. Chaney's opinion, that rejection would have been supported by substantial evidence.

### IV.     CONCLUSION

After reviewing the entire record, the Court concludes that AEP's determination that Muncy did not qualify for disability benefits was not arbitrary or capricious, and is in fact supported by the substantial weight of the evidence. Accordingly, for the reasons discussed herein, it is hereby

**ORDERED** as follows:

(1)     Muncy's motion for judgment [Record No. 8] is **DENIED**;

(2)     The Trustees motion for judgment [Record No. 10] is **GRANTED**;

(3)     The decision of the Trustees is **AFFIRMED**; and

(4)     This action is **STRICKEN** from the Court's active docket.

This 15th day of December, 2005.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge