UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| ROBERT MUNCY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 05-215-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| AMERICAN ELECTRIC POWER | ) | **MEMORANDUM OPINION** |
| SERVICE CORPORATION, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court for consideration of the Plaintiff's motion to reopen the time to file an appeal. [Record No. 20]  The Defendant has filed a response in opposition to the motion and the time for the filing of a reply has now expired.  For the reasons discussed herein, the Court will deny the motion.

The Court entered judgment in favor of Defendant American Electric Power Service Corporation on December 15, 2005.  On December 27, 2005, Plaintiff Robert Muncy moved the Court to reconsider its December 15, 2005, decision.  The Court denied that motion on December 28, 2005.  Subsequently, on April 10, 2006, the Plaintiff filed the instant motion asking the Court to reopen the time to file an appeal pursuant to Rule 4 of the Federal Rules of Appellate Procedure.  As grounds for the requested relief, the Plaintiff asserts that he failed to receive "notice" of the Court's final decision.  The Defendant has opposed the motion arguing the Plaintiff did receive notice of the Court's decision and that the provisions of Rule 4(a) have

-1-

not been met.  Therefore, the Defendant claims that the Plaintiff's motion to reopen the time for appeal should be denied.

With respect to the pending motion, Rule 4 of the Federal Rules of Appellate Procedure provides, in relevant part, that "[i]n a civil case  .  .  .  the notice of appeal required by rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered."  Fed.R.App.P. 4(a)(1)(A). However, the rule further states that:

> If a party timely files in the district court [certain motions specified therein], the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion  .  .  .

Fed.R.App.P. 4(a)(4)(A).  Under Rule 4, a motion to reconsider tolls the appeals period until such time as the Court rules on the motion.  Here, the Plaintiff was required to file his Notice of Appeal no later than January 27, 2006, which was 30 days after the date upon which the court denied the motion for reconsideration.  However, the Plaintiff did not file his Notice of Appeal until February 10, 2006.

Rule 4(a)(6) allows the district court to reopen the time to file an appeal under certain circumstances.  The rule provides, in relevant part, that:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if the following conditions are satisfied:
>
> (A)  the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B)  the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and

(C)  the court finds that no party would be prejudiced.

Fed.R.App.P. 4(a)(6).  Therefore, under Rule 4(a)(6), if the Plaintiff is able to demonstrate that: (a) he did not receive notice of the Court's decision; (b) he moved to reopen within 180 days after the judgment or within 7 days after he received the judgment, whichever is earlier; and (c) no party is prejudiced, the Court *may* reopen the time for the Plaintiff to file an appeal. Fed.R.App.P. 4(a)(6);  *see also Evans v. United States*, 165 F.3d 27 (6th Cir. 1998) (citing *Nunley v. City of Los Angeles*, 52 F.3d 792, 798 (9th Cir. 1995) (noting that the district court is not required to grant an extension even if the requirements of Rule 4(a)(6) have been satisfied)).

Initially, the Plaintiff must demonstrate that he did not receive notice of the Court's order denying the motion for reconsideration.  As correctly noted by the Defendant, the Plaintiff has failed to satisfy this requirement.  The record reflects that both the Plaintiff and his counsel received the Court's decision denying the motion to reconsider that was entered on December 28, 2005.  Plaintiff's counsel received the order via electronic notice through the CM/ECF system and subsequently sent a letter Mr. Muncy advising him of the Court's decision *but* misinforming him that he had sixty days to file an appeal.  Despite receiving actual notice of the Court's order, Plaintiff's counsel now argues that, as a practical matter, her client did not receive notice because she misadvised him that he had sixty – as opposed to thirty – days to file an appeal.  Plaintiff's counsel urges the Court to finds excusable neglect and reopen the time to file an appeal.

The Notes of the Advisory Committee on Appellate Rules indicate that the purpose of the of Rule 4(a)(6) is to provide "a limited opportunity for relief in circumstances where the

notice of entry of a judgment or order, required to be mailed by the clerk pursuant to [Fed.R.Civ.P. 77(d) ], is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal."  *See Bowles v. Russell*, 432 F.3d 668 (6th Cir. 2005) (citing *Zimmer St. Louis, Inc. v. Zimmer Co.*, 32 F.3d 357, 360 (8th Cir. 1994)).  Inasmuch as the Plaintiff did receive notice of the Court's order denying the motion to reconsider, the Court finds that the Plaintiff has failed to satisfy the requirements of Rule 4(a)(6) which allows for a reopening of the time to appeal.

As noted above, Plaintiff's counsel argues that the Court should reopen the time to file an appeal based on "excusable neglect."  But contrary to this assertion, the concept of excusable neglect has no place in the application of Rule 4(a)(6).  *See Nunley*, 52 F.3d at 798.  Rule 4(a)(5) allows the district court, upon a showing of excusable neglect or good cause, to extend the time for filing a notice of appeal.  A motion for extension of time to file an appeal under this part of the Rule 4 must be filed no later than thirty days following the expiration of the time prescribed by Fed.R.App.P. 4(a).  The Plaintiff filed the present motion on April 10, 2006, which was more than thirty days following the expiration of the deadline for filing an appeal.  Accordingly, for the reasons discussed herein, it is hereby

**ORDERED** that the Plaintiff's motion to reopen the time to file an appeal [Record No. 20] is **DENIED**.

This 10th day of May, 2006.



Signed By:

*Danny C. Reeves*

United States District Judge

-4-